# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KATARZYNA WOLOSZYNSKA, et al.,<br>Plaintiffs,<br>v.<br>NETFLIX, INC., et al.,<br>Defendants. | Case No. 23-cv-00636-BLF<br><br>**ORDER REGARDING SETTLEMENT AND MINOR'S COMPROMISE**<br><br>[Re: ECF No. 62] |

On February 13, 2023, Plaintiffs, including Maja Woloszyńska ("Maja"), a minor, filed this action against Defendants Netflix Inc., et al. ECF No. 1, 25. On October 18, 2023, the parties settled the case with Magistrate Judge DeMarchi. ECF No. 57. Per the Court's Order (ECF No. 59), Plaintiffs filed for dismissal under Federal Rule of Civil Procedure 41. ECF No. 61. On December 20, 2023, the Court ordered Plaintiffs to notify the Court "whether Plaintiff Maja Woloszyńska is subject to the minor's compromise, or if she is exempt." ECF No. 62. On January 5, 2024, Plaintiffs responded that "because the settlement agreement was negotiated, and approved by the Magistrate Judge, the Plaintiffs believe that the compromise of the minor's claim meets the requirements contained in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181(9th Cir. 2011)." ECF No. 63. However, Plaintiffs made no showing that the settlement meets the requirements of the minor's compromise, nor do Plaintiffs suggest that Maja is exempt. *Id.* At the Court's request, Plaintiffs have provided a sealed copy of the settlement. ECF Nos. 64, 65.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the

1   settlement serves the best interests of the minor." *Id.* (quotation marks and citation omitted). The

2   district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff

3   is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they

4   have agreed to pay plaintiffs' counsel." *Id.* at 1182.

5         While the *Robidoux* court expressly limited its holding to settlement of a minor's federal

6   claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims

7   and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as

8   well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June

9   16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at

10  *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). California law, which governs the state law

11  causes of action, also requires that a settlement for a minor be approved by the court. *See* Cal.

12  Prob. Code § 3601; Cal. Fam. Code § 6602.

13        Upon concluding that a minor's net recovery is fair and reasonable, district courts within

14  the Ninth Circuit commonly order that such funds be deposited into a blocked account for the

15  minor's benefit. *See, e.g.*, *Lily v. Cooper*, No. 19-cv-745-DMS (AGS), 2020 WL 5742933, at *4

16  (S.D. Cal. Sept. 25, 2020) ("Counsel shall, within 45 days after approval of the minors'

17  compromise, file with the Clerk of Court proof of deposit of funds payable for the minors' benefit

18  into blocked accounts as required by this Order."); *Estate of Sauceda v. City of N. Las Vegas*, No.

19  2:11-cv-02116-GMN-NJK, 2020 WL 2105017, at *1 (D. Nev. Apr. 30, 2020) (approving minor's

20  compromise and ordering that funds "shall be deposited into a blocked trust account with proof of

21  such deposit provided to the Court within 60 days of this Order"); *S.V. by & through Valencia v.

22  Delano Union Elementary Sch. Dist.*, No. 1:17-cv-00780-LJO-JLT, 2019 WL 2635949, at *3

23  (E.D. Cal. June 27, 2019), report and recommendation adopted, No. 1:17-cv-00780-LJO-JLT,

24  2019 WL 3253969 (E.D. Cal. July 19, 2019) ("The money will be deposited in a blocked account

25  for the child's benefit.").

26  \\

27  \\

28  \\

1   Plaintiffs have not made a showing that the proceeds of settlement will be distributed such
2   that Maja's net recovery is fair and reasonable.  Plaintiffs SHALL file a motion to approve
3   minor's compromise no later the **February 21, 2024**.  The motion shall propose the distribution of
4   settlement funds and indicate how funds for Maja will be placed in a blocked account.

**IT IS SO ORDERED.**

Dated:  January 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge